UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Michael Aguon, | Case No.: 16-cv-2421-DMS-AGS |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION ON THE WARDEN'S MOTION TO DISMISS HABEAS PETITION AND PETITIONER AGUON'S REQUEST FOR A STAY** |
| v. | |
| Warren L. Montgomery, Warden, | |
| Respondent. | |

The habeas corpus petition here includes legal claims that cannot be heard in federal court, because the state courts have never ruled on them. So, it must be stayed or dismissed.

## I. BACKGROUND

Petitioner Michael Aguon was convicted of first-degree murder. On direct appeal, an intermediate court affirmed the judgment, and the California Supreme Court declined review on June 24, 2015. (ECF No. 11-3.) Aguon's one-year period for filing a federal habeas petition started 90 days later, on September 22, 2015.[1] On September 21, 2016—

---

[1] Because he never sought U.S. Supreme Court review, Aguon's time to file a federal habeas petition began to run on his deadline for requesting a writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13

the eve of that deadline—Aguon handed his federal habeas application to correctional officers for mailing. (ECF No. 1, at 15.) That application contains a prosecutorial misconduct claim that the state courts rejected during his direct appeal, as well as four new claims never adjudicated in state court. (ECF Nos. 1, 11-1, 11-3.)

## II. DISCUSSION

Generally, a federal court must "dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A). But the court may stay the petition while the prisoner exhausts state court remedies. Such a stay should be granted when: (1) "the petitioner has good cause for the failure to exhaust;" (2) the "unexhausted claims are potentially meritorious" (or at least not "plainly meritless"); and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Aguon requests a stay, so this Court must consider that option before turning to the warden's motion to dismiss.

### A. *Good Cause for Failure to Exhaust*

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). But the outer limits are well-established. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* at 982.

Aguon goes beyond bald assertions, offering specific reasons for failing to first exhaust his state court remedies:

---

expires."); 28 U.S.C. § 2101(d) (The certiorari petition deadline for state criminal cases "shall be prescribed by the rules of the Supreme Court"); Sup. Ct. R. 13.1 (90-day deadline for certiorari petitions in state criminal cases); 28 U.S.C. § 2244(d)(1) (one-year limitation period for habeas corpus applications from state custody).

2

- He was saddled with an ineffective appellate attorney who failed to raise the four unexhausted claims on direct appeal. (ECF No. 1, at 12.)
- He is not "knowledgeable in the law" himself. (ECF No. 12, at 3.)
- He was "unable to hire a professional attorney," so must represent himself. (*Id.*)
- Before he could prepare his petition, he spent months "dealing with" the State Bar Office and his trial counsel. (*Id.*)
- His "recalcitrant trial attorney . . . did not want to turn-over the entire defense case file." (*Id.*)
- It took nearly a year to read "thousands of pages" of documents, research the law, and obtain "help from [the] prison law clerk" to prepare his petition, which he filed as soon as it was done. (*Id.*)
- At about the same time, he filed a state habeas petition containing the identical unexhausted claims from his federal petition. But he was afraid this state petition would not toll his federal habeas clock, as he had "reasonable confusion" and "doubt about whether the California Supreme Court would deem his state petition timely." (ECF No. 12, at 2-3; *see also* ECF Nos. 11-4, 11-5.)

On the whole, these reasons are reasonable, supported by the petitioner's verification under penalty of perjury (ECF No. 1, at 15; ECF No. 12, at 7), and sufficiently establish good cause.

**B.** *Unexhausted Claim(s) Are Not Plainly Meritless*

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017). A claim is "plainly meritless" if "it is perfectly clear that the petitioner has no hope of prevailing." *Id.* (citation omitted).

In one of his unexhausted claims, Aguon asserts that officers improperly testified at trial—"based on record checks[]"—that Aguon and others were Lomita Village gang members. (ECF No. 1, at 7.) This gang-membership evidence was allegedly premised on the testimonial hearsay of individuals who Aguon never had the opportunity to cross-examine, thereby violating his confrontation rights under *Crawford v. Washington*, 541 U.S. 36 (2004). (ECF No. 1, at 7.) It is unclear whether the record checks actually included testimonial hearsay or what role they may have played in Aguon's trial. But the Court need

3

not reach those issues. The only question is whether it is "perfectly clear" that Aguon has "no hope of prevailing." Based on the current record, his defeat is not certain. So, this claim is not plainly meritless.

**C.** *No Intentionally Dilatory Litigation Tactics*

Finally, there is no indication that Aguon engaged in "abusive litigation tactics or intentional delay," which would disqualify him from obtaining a stay. *See Rhines*, 544 U.S. at 278.

Since all three prerequisites are met, Aguon is entitled to a *Rhines* stay.[2]

### III. CONCLUSION

Thus, this Court **RECOMMENDS** that:

1) Aguon's request for a stay (ECF No. 12) be **GRANTED**, and that the case be stayed until the California Supreme Court rules on his pending state habeas petition;

2) Aguon be required to file a status report about his state habeas petition every two months, starting on the first day of the month after the District Judge's ruling in this matter, and to file a final status report within seven days of any ruling on his state habeas petition; and

3) respondent's motion to dismiss (ECF No. 10) be **DENIED**.

Upon being served with a copy of this report, the parties have 14 days to file any objections. Upon being served with any objections, the party receiving such objections has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: June 12, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge

---

[2] Additionally, Aguon may qualify for a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Because a *Rhines* stay is already recommended, this Court will not address whether a *Kelly* stay has been adequately requested or the steps required to effectuate a *Kelly* stay.

4